# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MOSAID TECHNOLOGIES INC., | No. 2:06CV302-DF |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| MICRON TECHNOLOGY, INC., POWERCHIP SEMICONDUCTOR CORPORATION, AND PROMOS TECHNOLOGIES, | |
| Defendants. | |

## DEFENDANT MICRON TECHNOLOGY, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Defendant Micron Technology, Inc. ("Micron"), by and through its counsel, hereby answers Plaintiff MOSAID Technologies Inc.'s ("MOSAID") First Amended Complaint for Patent Infringement ("Complaint") on personal knowledge as to their own acts and on information and belief as to the actions of others, as follows:

### THE PARTIES

1. Answering the allegations of Paragraph 1, Micron admits that MOSAID is a Canadian corporation having a principal place of business at 11 Hines Road, Kanata, Ontario KDK 2X1, Canada. Except as thus expressly admitted, Micron denies the allegations of Paragraph 1.

2. Micron admits the allegations of Paragraph 2.

3. Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 3, and on that basis denies those allegations.

4. Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 4, and on that basis denies those allegations.

**JURISDICTION**

5. Answering the allegations of Paragraph 5, Micron admits that this Court has subject matter jurisdiction over this action, as MOSAID purports to bring this action under the patent laws of the United States. Except as thus expressly admitted, Micron denies the allegations of Paragraph 5.

6. Answering the allegations of Paragraph 6, Micron admits that certain of its products have been used, offered for sale, sold, and/or purchased in Texas. To the extent that the allegations of Paragraph 6 are directed at defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 6, and on that basis denies those allegations. Except as thus expressly admitted, Micron denies the allegations of Paragraph 6.

**VENUE**

7. Answering the allegations of Paragraph 7, Micron admits that it has done business in this judicial district, and that certain of its products are used, offered for sale, sold, and/or have been purchased in Texas. Micron denies that venue is proper in this district. To the extent that the allegations of Paragraph 7 are directed at defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 7, and on that basis denies those allegations. Except as thus expressly admitted, Micron denies the allegations of Paragraph 7.

**FACTUAL ALLEGATIONS**

8. Answering the allegations of Paragraph 8, Micron admits that United States Patent No. 6,657,919 ("the '919 patent") is entitled "Delay Locked Loop Implementation in a Synchronous Dynamic Random Access Memory," and bears an issue date of December 2, 2003. Micron further admits that the '919 patent lists MOSAID as assignee. Micron also admits that MOSAID attached what appears to be a copy of the '919 patent to its Amended Complaint as Exhibit A. Except as thus expressly admitted, Micron denies the allegations of Paragraph 8.

9. Answering the allegations of Paragraph 9, Micron admits that United States Patent No. 6,992,950 ("the '950 patent") is entitled "Delay Locked Loop Implementation in a

Synchronous Dynamic Random Access Memory," and bears an issue date of January 31, 2006. Micron further admits that the '950 patent lists MOSAID as assignee. Micron also admits that MOSAID attached what appears to be a copy of the '950 patent to its Amended Complaint as Exhibit B. Except as thus expressly admitted, Micron denies the allegations of Paragraph 9.

10. Answering the allegations of Paragraph 10, Micron admits that United States Patent No. 5,751,643 ("the '643 patent") is entitled "Dynamic Memory Word Line Driver Scheme" and bears an issue date of May 12, 1998. Micron further admits that the '643 patent lists MOSAID as assignee. Micron also admits that MOSAID attached what appears to be a copy of the '643 patent to its Amended Complaint as Exhibit C. Except as thus expressly admitted, Micron denies the allegations of Paragraph 10.

11. Answering the allegations of Paragraph 11, Micron admits that United States Patent No. 5,822,253 ("the '253 patent") is entitled "Dynamic Memory Word Line Driver Scheme" and bears an issue date of October 13, 1998. Micron further admits that the '253 patent lists MOSAID as assignee. Micron also admits that MOSAID attached what appears to be a copy of the '253 patent to its Amended Complaint as Exhibit D. Except as thus expressly admitted, Micron denies the allegations of Paragraph 11.

12. Answering the allegations of Paragraph 12, Micron admits that United States Patent No. 6,278,640 ("the '640 patent") is entitled "Dynamic Memory Word Line Driver Scheme" and bears an issue date of August 21, 2001. Micron further admits that the '640 Patent lists MOSAID as assignee. Micron also admits that MOSAID attached what appears to be a copy of the '640 patent to its Amended Complaint as Exhibit E. Except as thus expressly admitted, Micron denies the allegations of Paragraph 12.

13. Answering the allegations of Paragraph 13, Micron admits that United States Patent No. 6,603,703 ("the '703 patent") is entitled "Dynamic Memory Word Line Driver Scheme" and bears an issue date of August 5, 2003. Micron further admits that the '703 patent lists MOSAID as assignee. Micron also admits that MOSAID attached what appears to be a copy of the '703 patent to its Amended Complaint as Exhibit F. Except as thus expressly admitted, Micron denies the allegations of Paragraph 13.

14. Answering the allegations of Paragraph 14, Micron admits United States Patent No. 7,038,937 ("the '937 patent") is entitled "Dynamic Memory Word Line Driver Scheme" and bears an issue date of May 2, 2006. Micron further admits that the '937 patent lists MOSAID as assignee. Micron also admits that MOSAID attached what appears to be a copy of the '937 patent to its Amended Complaint as Exhibit G. Except as thus expressly admitted, Micron denies the allegations of Paragraph 14.

15. Answering the allegations of Paragraph 15, Micron admits that United States Patent No. 5,828,620 ("the '620 patent") is entitled "High Voltage Boosted Word [sic] Line Supply Charge Pump and Regulator for DRAM" and bears an issue date of October 27, 1998. Micron further admits that the '620 Patent lists MOSAID as assignee. Micron also admits that MOSAID attached what appears to be a copy of the '620 Patent (not the '448 patent, as alleged) to its Amended Complaint as Exhibit H. Except as thus expressly admitted, Micron denies the allegations of Paragraph 15.

16. Answering the allegations of Paragraph 16, Micron admits that United States Patent No. 6,980,448 ("the '448 patent") is entitled "DRAM Boosted Voltage Supply" and bears an issue date of December 27, 2005. Micron further admits that the '448 Patent lists MOSAID as assignee. Micron also admits that MOSAID attached what appears to be a copy of the '448 patent to its Amended Complaint as Exhibit I. Except as thus expressly admitted, Micron denies the allegations of Paragraph 16.

17. Answering the allegations of Paragraph 17, Micron admits that United States Patent No. 6,236,581 ("the '581 patent") is entitled "High Voltage Boosted Word [sic] Line Supply Charge Pump and Regulator for DRAM" and bears an issue date of May 22, 2001. Micron further admits that the '581 Patent lists MOSAID as assignee. Micron also admits that MOSAID attached what appears to be a copy of the '581 patent to its Amended Complaint as Exhibit J. Except as thus expressly admitted, Micron denies the allegations of Paragraph 17.

18. Answering the allegations of Paragraph 18, Micron admits that United States Patent No. 5,406,523 ("the '523 patent") is entitled "High Voltage Boosted Word [sic] Line Supply Charge Pump and Regulator for DRAM" and bears an issue date of April 11, 1995.

1  Micron further admits that the '523 Patent lists MOSAID as assignee. Micron also admits that
2  MOSAID attached what appears to be a copy of the '523 patent to its Amended Complaint as
3  Exhibit K. Except as thus expressly admitted, Micron denies the allegations of Paragraph 18.

**FIRST COUNT**

**(Alleged Infringement of the '919 patent)**

6  19.  Micron incorporates its responses to Paragraphs 1-18 above as if fully set forth in
7  response to Paragraph 19 of the Amended Complaint.

8  20.  Micron denies the allegations of Paragraph 20 that are directed toward Micron.
9  To the extent that the allegations of Paragraph 20 are directed toward defendants other than
10 Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of
11 Paragraph 20, and on that basis denies those allegations.

12 21.  Micron denies the allegations of Paragraph 21 that are directed toward Micron.
13 To the extent that the allegations of Paragraph 21 are directed toward defendants other than
14 Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of
15 Paragraph 21, and on that basis denies those allegations.

16 22.  Micron denies the allegations of Paragraph 22 that are directed toward Micron.
17 To the extent that the allegations of Paragraph 22 are directed toward defendants other than
18 Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of
19 Paragraph 22, and on that basis denies those allegations.

20 23.  Micron denies the allegations of Paragraph 23 that are directed toward Micron.
21 To the extent that the allegations of Paragraph 23 are directed toward defendants other than
22 Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of
23 Paragraph 23, and on that basis denies those allegations.

**SECOND COUNT**

**(Alleged Infringement of the '950 patent)**

26 24.  Micron incorporates its responses to Paragraphs 1-23 above as if fully set forth in
27 response to Paragraph 24 of the Amended Complaint.

28 25.  Micron denies the allegations of Paragraph 25 that are directed toward Micron.

To the extent that the allegations of Paragraph 25 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 25, and on that basis denies those allegations.

26. Micron denies the allegations of Paragraph 26 that are directed toward Micron. To the extent that the allegations of Paragraph 26 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 26, and on that basis denies those allegations.

27. Micron denies the allegations of Paragraph 27 that are directed toward Micron. To the extent that the allegations of Paragraph 27 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 27, and on that basis denies those allegations.

28. Micron denies the allegations of Paragraph 28 that are directed toward Micron. To the extent that the allegations of Paragraph 28 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 28, and on that basis denies those allegations.

## THIRD COUNT

### (Alleged Infringement of the '643 patent)

29. Micron incorporates its responses to Paragraphs 1-28 above as if fully set forth in response to Paragraph 29 of the Amended Complaint.

30. Micron denies the allegations of Paragraph 30 that are directed toward Micron. To the extent that the allegations of Paragraph 30 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 30, and on that basis denies those allegations.

31. Micron denies the allegations of Paragraph 31 that are directed toward Micron. To the extent that the allegations of Paragraph 31 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 31, and on that basis denies those allegations.

32. Micron denies the allegations of Paragraph 32 that are directed toward Micron.

- 6 -

1  To the extent that the allegations of Paragraph 32 are directed toward defendants other than
2  Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of
3  Paragraph 32, and on that basis denies those allegations.

4        33.    Micron denies the allegations of Paragraph 33 that are directed toward Micron.
5  To the extent that the allegations of Paragraph 33 are directed toward defendants other than
6  Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of
7  Paragraph 33, and on that basis denies those allegations.

## FOURTH COUNT

### (Alleged infringement of the '253 patent)

10        34.    Micron incorporates its responses to Paragraphs 1-33 above as if fully set forth in
11  response to Paragraph 34 of the Amended Complaint.

12        35.    Micron denies the allegations of Paragraph 35 that are directed toward Micron.
13  To the extent that the allegations of Paragraph 35 are directed toward defendants other than
14  Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of
15  Paragraph 35, and on that basis denies those allegations.

16        36.    Micron denies the allegations of Paragraph 36 that are directed toward Micron.
17  To the extent that the allegations of Paragraph 36 are directed toward defendants other than
18  Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of
19  Paragraph 36, and on that basis denies those allegations.

20        37.    Micron denies the allegations of Paragraph 37 that are directed toward Micron.
21  To the extent that the allegations of Paragraph 37 are directed toward defendants other than
22  Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of
23  Paragraph 37, and on that basis denies those allegations.

24        38.    Micron denies the allegations of Paragraph 38 that are directed toward Micron.
25  To the extent that the allegations of Paragraph 38 are directed toward defendants other than
26  Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of
27  Paragraph 38, and on that basis denies those allegations.

## FIFTH COUNT

**(Alleged infringement of the '640 patent)**

39. Micron incorporates its responses to Paragraphs 1-38 above as if fully set forth in response to Paragraph 39 of the Amended Complaint.

40. Micron denies the allegations of Paragraph 40 that are directed toward Micron. To the extent that the allegations of Paragraph 40 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 40, and on that basis denies those allegations.

41. Micron denies the allegations of Paragraph 41 that are directed toward Micron. To the extent that the allegations of Paragraph 41 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 41, and on that basis denies those allegations.

42. Micron denies the allegations of Paragraph 42 that are directed toward Micron. To the extent that the allegations of Paragraph 42 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 42, and on that basis denies those allegations.

43. Micron denies the allegations of Paragraph 43 that are directed toward Micron. To the extent that the allegations of Paragraph 43 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 43, and on that basis denies those allegations.

## SIXTH COUNT

**(Alleged infringement of the '703 patent)**

44. Micron incorporates its responses to Paragraphs 1-43 above as if fully set forth in response to Paragraph 44 of the Amended Complaint.

45. Micron denies the allegations of Paragraph 45 that are directed toward Micron. To the extent that the allegations of Paragraph 45 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 45, and on that basis denies those allegations.

46. Micron denies the allegations of Paragraph 46 that are directed toward Micron. To the extent that the allegations of Paragraph 46 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 46, and on that basis denies those allegations.

47. Micron denies the allegations of Paragraph 47 that are directed toward Micron. To the extent that the allegations of Paragraph 47 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 47, and on that basis denies those allegations.

48. Micron denies the allegations of Paragraph 48 that are directed toward Micron. To the extent that the allegations of Paragraph 48 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 48, and on that basis denies those allegations.

## SEVENTH COUNT

### (Alleged infringement of the '937 patent)

49. Micron incorporates its responses to Paragraphs 1-48 above as if fully set forth in response to Paragraph 49 of the Amended Complaint.

50. Micron denies the allegations of Paragraph 50 that are directed toward Micron. To the extent that the allegations of Paragraph 50 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 50, and on that basis denies those allegations.

51. Micron denies the allegations of Paragraph 51 that are directed toward Micron. To the extent that the allegations of Paragraph 51 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 51, and on that basis denies those allegations.

52. Micron denies the allegations of Paragraph 52 that are directed toward Micron. To the extent that the allegations of Paragraph 52 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 52, and on that basis denies those allegations.

1  53. Micron denies the allegations of Paragraph 53 that are directed toward Micron. To the extent that the allegations of Paragraph 53 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 53, and on that basis denies those allegations.

## EIGHTH COUNT

### (Alleged infringement of the '620 patent)

54. Micron incorporates its responses to Paragraphs 1-53 above as if fully set forth in response to Paragraph 54 of the Amended Complaint.

55. Micron denies the allegations of Paragraph 55 that are directed toward Micron. To the extent that the allegations of Paragraph 55 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 55, and on that basis denies those allegations.

56. Micron denies the allegations of Paragraph 56 that are directed toward Micron. To the extent that the allegations of Paragraph 56 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 56, and on that basis denies those allegations.

57. Micron denies the allegations of Paragraph 57 that are directed toward Micron. To the extent that the allegations of Paragraph 57 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 57, and on that basis denies those allegations.

58. Micron denies the allegations of Paragraph 58 that are directed toward Micron. To the extent that the allegations of Paragraph 58 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 58, and on that basis denies those allegations.

## NINTH COUNT

### (Alleged infringement of the '448 patent)

59. Micron incorporates its responses to Paragraphs 1-58 above as if fully set forth in response to Paragraph 59 of the Amended Complaint.

51040-0018/LEGAL11939332.2

1    60.   Micron denies the allegations of Paragraph 60 that are directed toward Micron. To the extent that the allegations of Paragraph 60 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 60, and on that basis denies those allegations.

61.   Micron denies the allegations of Paragraph 61 that are directed toward Micron. To the extent that the allegations of Paragraph 61 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 61, and on that basis denies those allegations.

62.   Micron denies the allegations of Paragraph 62 that are directed toward Micron. To the extent that the allegations of Paragraph 62 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 62, and on that basis denies those allegations.

63.   Micron denies the allegations of Paragraph 63 that are directed toward Micron. To the extent that the allegations of Paragraph 63 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 63, and on that basis denies those allegations.

**TENTH COUNT**

**(Alleged infringement of the '581 patent)**

64.   Micron incorporates its responses to Paragraphs 1-63 above as if fully set forth in response to Paragraph 64 of the Amended Complaint.

65.   Micron denies the allegations of Paragraph 65 that are directed toward Micron. To the extent that the allegations of Paragraph 65 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 65, and on that basis denies those allegations.

66.   Micron denies the allegations of Paragraph 66 that are directed toward Micron. To the extent that the allegations of Paragraph 66 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 66, and on that basis denies those allegations.

67. Micron denies the allegations of Paragraph 67 that are directed toward Micron. To the extent that the allegations of Paragraph 67 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 67, and on that basis denies those allegations.

68. Micron denies the allegations of Paragraph 68 that are directed toward Micron. To the extent that the allegations of Paragraph 68 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 68, and on that basis denies those allegations.

69. Micron denies the allegations of Paragraph 69 that are directed toward Micron. To the extent that the allegations of Paragraph 69 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 69, and on that basis denies those allegations.

**ELEVENTH COUNT**

**(Alleged infringement of the '523 patent)**

70. Micron incorporates its responses to Paragraphs 1-69 above as if fully set forth in response to Paragraph 70 of the Amended Complaint.

71. Micron denies the allegations of Paragraph 71 that are directed toward Micron. To the extent that the allegations of Paragraph 71 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 71, and on that basis denies those allegations.

72. Micron denies the allegations of Paragraph 72 that are directed toward Micron. To the extent that the allegations of Paragraph 72 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 72, and on that basis denies those allegations.

73. Micron denies the allegations of Paragraph 73 that are directed toward Micron. To the extent that the allegations of Paragraph 73 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 73, and on that basis denies those allegations.

74. Micron denies the allegations of Paragraph 74 that are directed toward Micron. To the extent that the allegations of Paragraph 74 are directed toward defendants other than Micron, Micron lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 74, and on that basis denies those allegations.

**DEMAND FOR JURY TRIAL**

75. Answering the allegations of Paragraph 75, Micron admits that MOSAID purports to demand a trial by jury of this action. Except as thus expressly admitted, Micron denies the allegations of Paragraph 75.

**AFFIRMATIVE DEFENSES**

In further answer to the Complaint, and as affirmative defenses, but without assuming a burden that it would not otherwise have, Micron alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(35 U.S.C. §§ 102, 103, and/or 112)**

76. The patents-in-suit are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

**SECOND AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, Laches)**

77. MOSAID's claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or laches.

**THIRD AFFIRMATIVE DEFENSE**

**(Prosecution Laches)**

78. MOSAID's claims are barred in whole or in part by the doctrine of prosecution laches.

**FOURTH AFFIRMATIVE DEFENSE**

**(Collateral Estoppel)**

79. MOSAID claims are barred in whole or in part by the doctrine of collateral estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Res Judicata)

80. MOSAID's claims are barred in whole or in part by the doctrine of res judicata.

## SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

81. Micron reserves the right to assert additional affirmative defenses in the event discovery or other analysis indicates that additional affirmative defenses are appropriate.

## COUNTERCLAIM

Defendant and Counterclaimant Micron Technology, Inc. ("Micron") hereby alleges for its Counterclaim against Plaintiff and Counterclaim-Defendant MOSAID Technologies Inc. ("MOSAID") on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## THE PARTIES

82. Micron is a Delaware corporation with its principal place of business in Boise, Idaho. Micron is engaged in the business of designing, manufacturing, and selling advanced semiconductor products.

83. MOSAID is a foreign corporation with its principal place of business in Kanata, Ontario, Canada. Upon information and belief, MOSAID's primary business is licensing and enforcing patents whose claims purportedly cover semiconductor technology.

## JURISDICTION AND VENUE

84. By its Counterclaim, Micron seeks a declaration that: (i) it does not infringe directly or indirectly U.S. Patent Nos. 6,657,919; 6,992,950; 5,751,643; 5,822,253; 6,278,640; 6,603,703; 7,038,937; 5,828,620; 6,980,448; 6,236,581; and 5,406,523 (collectively, "the patents-in-suit") purportedly owned by MOSAID; and (ii) that the patents-in-suit are invalid.

85. This Court has jurisdiction over this counterclaim pursuant to 35 U.S.C. § 1 *et seq.*, 28 U.S.C. §§ 1331, 1338, 2201, and 2202, as this is an action for declaratory relief arising under the patent laws of the United States. An actual, substantial, and continuing justiciable controversy exists between Micron and MOSAID with respect to which Micron requires a

declaration of its rights by this Court.

86. This Court has personal jurisdiction over MOSAID because MOSAID has commenced the underlying patent infringement action in this Court.

87. If venue is proper for the underlying patent infringement action brought by MOSAID, then it is also proper for Micron's counterclaim under 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

## COUNTERCLAIM

**(Declaratory Relief Regarding The Patents-In-Suit)**

88. Micron incorporates and realleges Paragraphs 1-87 above as if set forth fully herein.

89. MOSAID alleges that it is the sole owner of the patents-in-suit.

90. On or about July 25, 2006, MOSAID filed a Complaint for Patent Infringement, alleging direct and indirect infringement of the patents-in-suit, naming Micron as a defendant.

91. On or about August 31, 2006, MOSAID filed a First Amended Complaint for Patent Infringement, alleging direct and indirect infringement of the patents-in-suit, naming Micron as a defendant.

92. Micron has not infringed and is not now infringing, directly or indirectly, any valid claim of the patents-in-suit.

93. The patents-in-suit are invalid because they fail to satisfy the conditions and requirements for patentability as set forth in Title 35 of the United States Code.

94. A valid and justiciable controversy has arisen and exists between Micron and MOSAID based on MOSAID having filed a Complaint alleging infringement of the patents-in-suit. Micron desires a judicial determination and a declaration of the respective rights of the parties regarding the patents-in-suit.

## DEMAND FOR JURY TRIAL

95. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule CV-38, Micron hereby respectfully demands a trial by jury of all issues so triable in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Micron requests that the Court enter judgment in its favor and against MOSAID on both MOSAID's First Amended Complaint for Patent Infringement and Micron's Counterclaim, as follows:

(a)  Dismissing MOSAID's First Amended Complaint with prejudice and declaring that MOSAID take nothing by way of its First Amended Complaint;

(b)  Declaring that Micron has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claim of U.S. Patent Nos. 6,657,919; 6,992,950; 5,751,643; 5,822,253; 6,278,640; 6,603,703; 7,038,937; 5,828,620; 6,980,448; 6,236,581; and 5,406,523;

(c)  Declaring that U.S. Patent Nos. 6,657,919; 6,992,950; 5,751,643; 5,822,253; 6,278,640; 6,603,703; 7,038,937; 5,828,620; 6,980,448; 6,236,581; and 5,406,523 are invalid;

(d)  Ordering that MOSAID, its agents, and all persons acting in concert or participation with MOSAID, be enjoined from asserting claims against Micron for infringement of U.S. Patent Nos. 6,657,919; 6,992,950; 5,751,643; 5,822,253; 6,278,640; 6,603,703; 7,038,937; 5,828,620; 6,980,448; 6,236,581; and 5,406,523;

(e)  Declaring this to be an exceptional case under 35 U.S.C. § 285 and requiring MOSAID to pay Micron's attorneys' fees and expenses; and

(f)  Awarding Micron such other and further relief as the Court deems just and fair.

| | | |
|---|---|---|
| 1 | Dated:  October 25, 2006. | Respectfully submitted, |
| 2 | | */s/  Kurt Truelove* |
| | | Kurt Truelove – Lead Attorney |
| 3 | | SBN:  24013653 |
| | | Nicholas H. Patton |
| 4 | | SBN:  15631000 |
| | | **PATTON, TIDWELL & SCHROEDER, LLP** |
| 5 | | 4605 Texas Boulevard, P.O. Box 5398 |
| | | Texarkana, Texas  75505-5398 |
| 6 | | (903) 792-7080 |
| | | (903) 792-8233 (facsimile) |
| 7 | | |
| | | Attorneys for Defendant Micron Technology, Inc. |

Of Counsel:

Jonathan M. James (*pro hac vice* application pending)
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue
Post Office Box 400
Phoenix, Arizona  85001-0400
(602) 351-8000
(602) 648-7032 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this Answer was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed.R.Civ.P.5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy via facsimile and/or U.S. First Class Mail this 25th day of October, 2006.

*/s/ Kurt Truelove*
Kurt Truelove